Ernest J. Franceschi, Jr. (State Bar No. 112893)
FRANCESCHI LAW OFFICES
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
TE: (213) 622-0835
Email: ejf@franceschilaw.com

Attorneys for Plaintiffs
CAROLINE CHO and KOREAN STREET
FOOD, INC dba DAN SUNG SA RESTAURANT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINE CHO, an individual; KOREAN STREET FOOD, INC., a California corporation dba DAN SUNG SA RESTAURANT,<br><br>Plaintiffs,<br><br>vs.<br><br>LMSC, INC., a California corporation; dba DAN SUNG SA RESTAURANT; SUN MEE LEE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF:<br><br>1. Trademark Infringement in violation of Lanham Act 15 U.S.C. section 1114(1)(a);<br><br>2. Trademark Dilution of famous and distinctive mark; 15 U.S.C. section 1125( c);<br><br>3. Common law trademark infringement, Lanham Act section 43(a)<br><br>4. Violation of the California *Unfair Competition Law*, *Business and Professions Code* Section 17200, et seq. (UCL)<br><br>DEMAND FOR TRIAL BY JURY |

COME NOW Plaintiffs CAROLINE CHO and KOREAN STREET FOOD, INC. dba DAN SUNG SA RESTAURANT and for cause of action against Defendants and each of them allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff CAROLINE CHO is the owner of federally registered service mark DAN SUNG SA, United States Patent and Trademark Office registration No. 5,002,097, registered July 19, 2016 and first used in commerce on 01/01/1998. This action is brought for trademark infringement in violation of the Lanham Act by reason of Defendants having deceptively named their restaurant DAN SUNG SA and unlawfully doing business thereunder. Claims are also asserted pursuant to the California Unfair Competition Law (UCL) *Business & Professions Code* section 17200 which prohibits the transacting of business through false, unlawful, unfair, or deceptive practices. Plaintiff also pleads claims for relief for common law trademark infringement under California state law.

2. The jurisdiction of this honorable court is invoked pursuant to 28 U.S.C. 1331(federal question). This Court has subject matter jurisdiction pursuant to 15 U.S.C. section 1051, et seq. Venue is proper in the Northern District of California because the operative events upon which this action is based occurred therein pursuant to 28 U.S.C. section 1391(b)(2).

## THE PARTIES

3. Plaintiff CAROLINE CHO is a citizen of the State of California with her principal place of business located at 3317 West 6th Street Los Angeles, California. Plaintiff CHO is the principal and CEO of Plaintiff KOREAN STREET FOOD, Inc. the operating entity of DAN SUNG SA restaurant in Los Angeles, California. Plaintiff CHO is also the owner of the federally registered service mark DAN SUNG SA, a famous mark. DAN SUNG SA and CHO have been featured in numerous newspaper and travel magazines, television food shows, including those hosted and/or produced by well known food critics and celebrity culinary figures such as the late Jonathan Gold and Anthony Bourdain.

4. Defendant LMSC, INC. is a California corporation with its principal place of business at 2775 Telegraph Ave. Oakland, California 94612. According to

State of California corporation records, LMSC, INC Plaintiffs are informed and believe that LMSC, INC. was incorporated on August 6, 2009. Plaintiffs are further informed and believe that Defendants and each of them opened their restaurant and began using the name DAN SUNG SA on or about the date of their incorporation.

5. Defendant SUN MEE LEE is the CEO and/or other controlling officer, shareholder, or director of LMSC, INC. and did all of the things alleged herein in her official capacity and on behalf of LMSC, INC. and for the benefit of herself and LMSC, INC.

6. Jurisdiction over related common law claims for unfair competition is invoked under the provisions of 28 U.S.C. section 1338(b). Such claims are joined herein with substantial related claims under the trademark laws of the United States, 15 U.S.C. section 1051, et seq.

7. Plaintiffs are ignorant of the true names and capacities of the defendants named herein as DOE and therefore sue said defendants under such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant named herein as DOE participated in some actionable manner in the Lanham act violations of defendants LMSC, INC and SUN MEE LEE and/or the alleged violations of state law.

## STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS

8. Plaintiffs allege that they first opened DAN SUNG SA restaurant in Los Angeles and began using said name in commerce on or about January 1, 1998, approximately eleven years before defendants opened and began operating their infringing restaurant that uses the identical name. Plaintiff is also informed and believes that Defendants and each of them misappropriated from Plaintiff the domain name dan-sung-sa.com, which domain defendants and each of them have used and continue to use in furtherance of their infringing restaurant operation.

9. Plaintiffs allege that CHO is the owner of USPTO registration service mark No. 5,002,097, which gives Plaintiff CHO exclusive right to use said

service mark in commerce and is incontestable under 15 U.S.C. 1065 and 15 U.S.C. section 1115(b). CHO has used the service mark DAN SUNG SA for more that five consecutive years subsequent to the date of such registration and it is still in use in commerce. CHO alleges that she meets all of the statutory requirements to prevent defendants and each of the from contesting her ownership and right to use the DAN SUNG SA service mark.

10. Plaintiffs allege that Defendants and each of them have been infringing on Plaintiff's ownership of the DAN SUNG SA service mark, domain name, and trade dress by not only using the name DAN SUNG SA without CHO's consent but by blatantly replicating the unique look and feel of CHO's restaurant, including offering substantially similar menu items so as to cause confusion and deceive patrons of Defendants's establishment into believing that the Defendant's restaurant is associated or affiliated with CHO's and/or that Defendant's restaurant operates with CHO's approval.

**FIRST CLAIM FOR RELIEF FOR TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT 15 U.S.C. SECTION 1114(1)(a) AND 1116**

11. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 10 of this Complaint and makes the same a part hereof in this claim for relief.

12. Plaintiffs allege that pursuant to 15 U.S.C. section 1114 they are entitled to recover all profits derived by Defendants from the sale of goods and/or services and all damages sustained by Plaintiffs by reason of said acts of infringement complained of herein.

13. Plaintiffs allege that the use of the name DAN SUNG SA and the domain name dan-sung-sa.com by the Defendants amounts to the use of a counterfeit mark. Plaintiffs are entitled to recover treble the actual damages pursuant to 15 U.S.C. section 1117(b).

14. That pursuant to 15 U.S.C. section 1117 ( c)(2) Plaintiffs are entitled to recover a statutory damage in the amount $2,000,000.00 should the Court determine that Defendant's use of the counterfeit mark was willful. Pursuant to 15 U.S.C. section 1117 (e) there is a rebuttable presumption that the violation(s) alleged herein were willful, and Plaintiffs are entitled to a declaration from this court that Defendants and each of them have wilfully infringed on Plaintiff's protected trade mark.

15. Plaintiffs allege that they are entitled to an injunction pursuant to 15 U.S.C. section 1116(a) against the further use of the name DAN SUNG SA, the domain name dan-sung-sa.com, including the Dan Sung Sa trade dress. A Plaintiff seeking such an injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation, and any such injunction may include a provision directing the defendant to file with the court and serve the plaintiff within thirty days after service on the defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction.

16. Plaintiffs further allege that this is an exceptional case as defined by the Lahnam Act, which entitles Plaintiffs to an award of attorney fees.

**SECOND CLAIM FOR RELIEF FOR TRADEMARK DILUTION PURSUANT TO 15 U.S.C. SECTION 1125 (c)**

17. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 16 of this Complaint and makes the same a part hereof in this claim for relief.

18. Plaintiffs alleges that DAN SUNG SA is a famous mark and that DAN SUNG SA and CHO have been featured in numerous newspaper and magazine articles, as well as television food shows, including those hosted and/or produced by well known culinary celebrity figures such as the late Jonathan Gold and Anthony Bourdain.

19. Plaintiffs allege that Defendants and each of them have sought to

capitalize on the DAN SUNG SA name and reputation and to confuse the public that Defendant's establishment is affiliated with, or related to Plaintiff CHO and her DAN SUNG SA restaurant.

20. Plaintiffs allege that by copying the name, look, and feel of the Los Angeles DAN SUNG SA restaurant, including the use of the domain name dan-sung-sa.com, and substantially replicating the menu items, that Defendants have diluted the DAN SUNG SA name, reputation, and have tarnished same.

21. Plaintiffs allege that pursuant to 15 U.S.C. section 1125( c)(5) Defendants and each of them are subject to injunctive relief pursuant to section 1116 and the remedies set forth in sections 1117(a) and 1118, including treble damages.

22. Plaintiffs further allege that this is an exceptional case as defined by the Lahnam Act, which entitles Plaintiffs to an award of attorney fees.

**THIRD CLAIM FOR RELIEF FOR COMMON LAW TRADEMARK INFRINGEMENT, LANHAM ACT SECTION 43(a),15 U.S.C. SECTION 1125(a)**

23. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 22 of this Complaint and makes the same a part hereof in this claim for relief.

24. Plaintiffs allege that Defendants without the permission of Plaintiffs have opened and have been operating a restaurant using the name DAN SUNG SA and the domain name DanSungSa.com. Plaintiffs allege that the infringing restaurant has the same general decor, trade dress, and similar menu items so as to replicate the look and feel of Plaintiff's restaurant. Defendants have done so for the purpose of creating confusion and misleading patrons into believing that their counterfeit DAN SUNG SAU restaurant is affiliated with or operates with the consent of Plaintiff CHO.

25. Plaintiffs allege that Defendants are guilty of common law trademark infringement, and are subject to damages and injunctive relief.

**FOURTH CLAIM FOR RELIEF FOR DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA *BUSINESS & PROFESSIONS CODE* SECTION 17200**

26. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 25 of this Complaint and make the same a part hereof in this claim for relief.

27. Plaintiffs allege that the Defendants against whom this cause of action is directed have engaged in unfair, unlawful, or deceptive business practices by using without the permission or consent of Plaintiffs the name DAN SUNG SA, for which Plaintiff CHO has a registered trademark and has the exclusive right to use said name. Defendants have also without the permission or consent of CHO have misappropriated from CHO the domain name dan-sung-sa.com so as to create the impression that the infringing restaurant has been opened and is operating with CHO's consent or is otherwise affiliated with CHO. Section 17200 of the *Business and Professions Code* provides in pertinent part that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice... "

28. Plaintiffs allege that the Defendants unlawfully and/or unfairly used the name DAN SUG SA to name a deceptively similar restaurant with the objective of confusing the public into thinking that Defendant's establishment was affiliated or somehow related to Plaintiff CHO's famous restaurant, so as to create a false name recognition and profit therefrom.

29. Plaintiffs allege that Injunctions are the primary form of relief available under the UCL to protect against unfair business practices, while restitution is a type of ancillary relief. *Kwikset Corp v. Superior Court* (2011) 51 Cal 4th 310, 337.

30. By reason of the foregoing, Plaintiffs seek a Preliminary Injunction followed by a Permanent Injunction under *Business and Professions Code* section 17204 prohibiting Defendants further use of the name DAN SUNG SA and/or the domain name dan-sung-sa.com in any manner and for any purpose.

31. Plaintiffs allege that the actions of Defendants and each of them were

perpetrated without a good faith belief as to their legitimacy and with a conscious disregard for Plaintiff's rights under the law. These actions were despicable, fraudulent, malicious and oppressive within the meaning of California *Civil Code* section 3294 and justify an award of punitive and exemplary damages in an amount to be shown at time of trial.

WHEREFORE Plaintiff prays for judgment as follows:

<u>ON THE FIRST CLAIM FOR RELIEF</u>

1. For treble damages as provided for under 15 U.S.C. section 1717(b)
2. For injunctive, declaratory, and other remedial relief;
3. For Attorney fees as will be shown by post judgment motion;
4. For a statutory penalty in the amount of $2,000.000.00 as provided for by 15 U.S.C. section 1117 (e);
5. For costs of incurred herein;

<u>ON THE SECOND CLAIM FOR RELIEF</u>

1. For treble damages as provided for under 15 U.S.C. section 1717(b)
2. For injunctive, declaratory, and other remedial relief;
3. For Attorney fees as will be shown by post judgment motion;
4. For costs of incurred herein

<u>ON THE THIRD CLAIM FOR RELIEF</u>

1. For general damages as will be shown at time of trial together with pre-judgment interest at the legal rate;
2. For costs of suit incurred herein;
3. For an award of attorney fees as will be shown by post trial motion;
4. For declaratory and/or injunctive relief prohibiting the further use of the name Dan SUNG SA by Defendants;
5. For such other and further relief as the court may deem just and proper in the premises;

ON THE FOURTH CLAIM FOR RELIEF

1. For general damages as will be shown at time of trial together with pre-judgment interest at the legal rate;
2. For costs of suit incurred herein;
3. For an award of attorney fees as will be shown by post trial motion;
4. For declaratory and/or injunctive relief prohibiting the further use of the name DAN SUNG SA;
5. For punitive and exemplary damages as will be shown at time of trial;
6. For such other and further relief as the court may deem just and proper in the premises;

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demands a trial by jury.

Dated: November 10, 2026

FRANCESCHI LAW OFFICES

By /s/ *Ernest J. Franceschi, Jr.* ________
Ernest J. Franceschi, Jr.
Attorneys for Plaintiffs
CAROLINE CHO and
KOREAN STREET FOOD, INC.,
dba DAN SUNG SA RESTAURANT